```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 12-795(DSD/JJK)
```

William McGinnis,

        Plaintiff,

v.                                                  **ORDER**

Soo Line Railroad Company,
doing business as
Canadian Pacific,

        Defendant.

    Scott Moriarity, Esq. and Lockridge, Grindal and Nauen PLLP, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, counsel for plaintiff.

    Brian W. Thomson, Esq., Steven P. LaPierre, Esq., Tracey H. Donesky, Esq. and Leonard, Street and Deinard, PA, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the objection by defendant Soo Line Railroad Company (Soo Line) to Magistrate Judge Jeffrey J. Keyes's March 6, 2013, order denying in part its motion to compel discovery. After a review of the report, and based on the file, record and proceedings herein, the court overrules the objection.

## BACKGROUND

This discovery dispute arises out of the termination of plaintiff William McGinnis by Soo Line. After being hired in January 2011 as a conductor trainee, McGinnis participated in a

four-month training program. Am. Comp. ¶¶ 12, 14. McGinnis was terminated, per Soo Line policy, after failing two "ride-along" evaluations during training. Id. ¶ 25.

On August 31, 2012, McGinnis filed an amended complaint, alleging age discrimination and wrongful termination based on his "insist[ence] on observing safety rules while operating the train engines, cars and equipment." Am. Compl. ¶¶ 27-32. On February 20, 2013, Soo Line filed a motion to compel discovery, seeking answers to certain interrogatories and requests for production. ECF No. 37. Specifically, Request for Production No. 21 reads:

> Provide executed releases for information from all employers, entities, companies you have worked for in the railroad industry and/or are railroad-related, including but not limited to any training schools or academies (as identified through request No. 20[1]) as well as releases from any and all employers, entities, individuals from whom you sought or applied for employment since October 1, 2010.

Def.'s Objection 4-5.

At a hearing on March 6, 2013, the magistrate judge denied the motion to compel as to Request for Production No. 21, noting in the text-only order that "the request is overbroad and seeks discovery that is not relevant to any party's claim or defense." ECF No. 47.

---

[1] Request for Production No. 20 requests "[a]ny and all documents that relate or refer to any work performed and/or experience or training in the railroad industry including, but not limited to, any and all personnel records, performance evaluations, test results, applications, files, records, relating to employment at other railroads or railroad-related entities and/or training academies." Def.'s Objection 4 n.1

2

Soo Line filed an objection on March 20, 2013. McGinnis responded on April 3, 2013.

**DISCUSSION**

**I. Standard of Review**

The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law.[2] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). This is an "extremely deferential" standard. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1995) (citations and internal quotation marks omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal quotation marks omitted).

---

[2] Soo Line incorrectly argues that the court should engage in a de novo review of the decision of the magistrate judge. See Def.'s Objection 8.

**II. Request for Production No. 21**

Parties to a dispute may discover "any nonprivileged matter relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The court must limit discovery, however, when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Id. R. 26(b)(2)(C)(ii). "Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (citation omitted). Such liberality, however, "should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Id.

Soo Line argues that McGinnis's employment and educational history[3] - including his safety record - is relevant to (1) the

---

[3] Prior to his employment with Soo Line, McGinnis trained at Modoc Railroad Academy and was employed with Union Pacific
(continued...)

4

qualifications prong of the prima facie age discrimination claim,[4] (2) his safety-related wrongful discharge claim and (3) his duty to mitigate damages. Even if a request for production seeks relevant information, however, it may nonetheless be denied if it is overbroad. See WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039 (8th Cir. 2011).

The magistrate judge correctly noted that Request No. 21 was "way too broad ... [for] the issues ... [that] are very narrow with respect to ... what happened in the evaluations that occurred in connection with this [training] program." ECF No. 51, at 28:11-14. The court agrees. The request seeks much more information than is required to demonstrate qualifications for the position. See Haigh v. Gelita USA, Inc., 632 F.3d 464, 469-70 (8th Cir. 2011) (noting that, when a plaintiff has already been hired, only a minimal showing is required to demonstrate that he met qualifications). Additionally, McGinnis's prior safety record is not relevant to his wrongful discharge claim, and the request far exceeds the scope of permissible discovery relating to mitigation of damages. As a

---

(...continued)
Railroad. See McGinnis v. Union Pac. R.R., 496 F.3d 868 (8th Cir. 2007); LaPierre Decl. Ex. A, at 000079.

[4] To prove a prima facie case of age discrimination, McGinnis "must show that (1) he is over 40 years old, (2) he met the applicable job qualifications, (3) he suffered an adverse employment action, and (4) there is some additional evidence that age was a factor in the employer's termination decision." Rahlf v. Mo-Tech Corp., 642 F.3d 633, 637 (8th Cir. 2011) (citation omitted).

result, the magistrate judge's denial of the motion to compel was neither clearly erroneous nor contrary to law. Therefore, the court overrules the objection.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's objection [ECF No. 48] to the magistrate judge's order is overruled.

Dated: April 23, 2013

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court